FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

08 AUG -8 PM 4:36

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

ROY KIRBY

    Plaintiff,

v.                               CASE No. 8:07-CV-1505-T-17TGW

JK LOCKWOOD CONSTRUCTION
COMPANY, INC.,

    Defendant.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on to be heard upon the plaintiff's Motion for Attorney's Fees and Costs (Doc. 16), the defendant's response (Doc. 20), the defendant's Motion for Attorneys' Fees and Costs (Doc. 21), and the plaintiff's reply thereto (Doc. 23). The motions were referred to me for a report and recommendation (Doc. 19). After holding a hearing on the question of entitlement to fees, it seemed that the plaintiff was entitled to an award of fees and costs (see Doc. 28). I recommend that the plaintiff be awarded $2,460.00 in attorney's fees and $440.00 in costs. I also recommend that the defendant's motion for attorneys' fees and costs be denied.

The plaintiff, Roy Kirby, filed an action against the defendant, JK Lockwood Construction Company, alleging violation of the overtime provisions of the Fair Labor Standards Act ("FLSA") (Doc. 1). The defendant extended several offers of judgment and provided plaintiff's time sheets for his review. The plaintiff insisted that the signed time sheets were insufficient and repeatedly requested that his pay records also be produced. The plaintiff argued, reasonably, that he could not properly evaluate any settlement offer without first viewing the pay records to ensure the correct amount was tendered. The plaintiff requested his pay records several times in late 2007 and the defendant produced the documents in February 2008. Subsequently, the parties agreed on a settlement amount of $3,360.00 and a consent judgment was entered in favor of the plaintiff on May 14, 2008, in that amount (Doc. 18).

The plaintiff seeks an award of costs based on his status as prevailing party (Doc. 16, p. 1). The defendant objects to the motion and also seeks reimbursement of its costs and an award of fees based on the contention that the plaintiff's pursuit of discovery despite the defendant's repeated offers of judgment constituted vexatious litigation (Doc. 20, pp. 12-13). Following a hearing on the issue of entitlement, it appeared to me that the plaintiff was

entitled to an award of fees under the FLSA (see Doc. 28). The defendant's delay in producing the pay records negates the contention of vexatious litigation and justifies the plaintiff's actions with respect to the timing of the settlement. Accordingly, the plaintiff's request for attorney's fees should be granted, and the defendant's request should be denied.

The plaintiff has requested attorney's fees in the amount of $4,920.00 for 16.4 hours of work at a rate of $300.00 per hour. The plaintiff also seeks reimbursement of $440.00 in costs.

In FLSA suits for unpaid overtime wages, fee awards are mandatory for prevailing plaintiffs. Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985). There is no dispute here that the plaintiff prevailed. In addition, the defendant is not entitled to attorneys' fees because it did not demonstrate that the plaintiff was guilty of vexatious litigation. Accordingly, the plaintiff is entitled under FLSA to recover "reasonable" attorney's fees in this action. The only remaining issue is whether the fee requested is reasonable.

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." Blum v. Stenson, 465 U.S. 886, 888 (1984). In

determining a reasonable hourly rate, the court takes into account prevailing market rates in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. Duckworth v. Whisenant, 97 F.3d 1393, 1396 (11th Cir. 1996).

Plaintiff's counsel, Kelly Amritt, seeks $300.00 per hour for her services. This rate is inconsistent with the hourly rates charged by similarly experienced attorneys in this district, and is clearly excessive. The party seeking fees bears the burden of establishing the market rate and should present the court with "specific and detailed evidence" from which it can determine the reasonableness of the proposed rate. Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). Ms. Amritt provides as her only support for a $300.00 rate the statement "I customarily bill my clients at a rate of $300.00 per hour for my services" (Doc. 16-2, Ex. B, ¶4). Other courts have complained about her complete lack of support or biographical information in her apparently boilerplate affidavit. Wallace v. The Kiwi Group, Inc., 247 F.R.D. 679, 685 (M.D. Fla. 2008).

The party seeking attorney's fees bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market

-4-

rates. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). A court, however, "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id.

In recent cases in the Orlando Division, Ms. Amritt's requested fee for services was reduced by the court to $150.00 per hour. Wallace v. The Kiwi Group, Inc., supra; Hill v. Chequered Flag Auto Sales, Inc., 2007 WL 710139, *6 (M.D. Fla. 2007). Apparently, she has been a member of the Florida Bar since 2003 (Doc. 16, ¶13). Hill v. Chequered Flag Auto Sales, supra at *2. Defendant's counsel, who has been practicing law for over thirty years, billed the defendant at a rate of $250.00 per hour (Doc. 20, p. 13). Therefore, the appropriate rate for similar services by a less experienced lawyer is something less. See Duckworth v. Whisenant, supra, 97 F.3d at 1396. In other FLSA cases, Ms. Amritt requested hourly rates of only $225.00 and $250.00 as recently as 2007. Hill v. Chequered Flag Auto Sales, supra at *2; Hill v. Florida Ins. Elec., Inc., 2007 WL 781886, *2 (11th Cir. 2007). In all events, an hourly rate of $150.00 for Ms. Amritt is proper and is in line with the rate used by this court in Orlando.

A review of the plaintiff's billing records does not reveal any obviously unnecessary or redundant hours. Due to the delay by the defendant in producing the requested pay records, the plaintiff expended hours to prevent the case from being dismissed, such as filing a case management report and a notice of mediation. The hours submitted by the plaintiff therefore appear reasonable. Moreover, the defendant was told it could file written objections to the hours claimed, but since such an exercise would be counterproductive, it understandably did not seek to pursue that course.

For the foregoing reasons, I recommend that the plaintiff's motion for attorney's fees be granted and the defendant's motion for attorneys' fees be denied. In particular, I recommend that the plaintiff's Motion for An Award of Attorney's Fees and Costs (Doc. 16) be granted to the extent that the plaintiff should be awarded attorney's fees in the total amount of $2,460.00, representing 16.4 hours of work at a rate of $150.00 per hour, and $440.00 in costs.

    Respectfully submitted,

*[signature: Thomas G. Wilson]*

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: AUGUST 7, 2008

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).